**UNITED STATES of America, Plaintiff**

**v.**

**VARIOUS ASSETS OF HARRY KAUFMANN MOTORCARS, INC., OF MILWAUKEE WISCONSIN, Defendant.**

**No. 90–C–1173.**

United States District Court,
E.D. Wisconsin.

July 26, 1991.

Gimbel, Reilly, Guerin & Brown by Franklyn M. Gimbel, Milwaukee, Wis., for plaintiff.

Kravit, Lammiman & DeBruin by Stephen E. Kravit and Jennifer A. Konetzki, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Before the court is a "Motion To Quash Subpoena And For Protective Order," filed on Monday, July 22, 1991, on behalf of Julie A. Monnier.

According to the file, a notice of deposition and a deposition subpoena were served on Thursday, July 18, 1991, by claimant, Harry Kaufmann, upon Julie A. Monnier, who is neither a party nor a claimant in this forfeiture action between the United States and the various assets of Harry Kaufmann Motorcars, Inc. The subpoena and notice directed Ms. Monnier to appear for deposition on Tuesday, July 23, 1991, with her state and federal income tax returns for the years 1988, 1989, and 1990. In response to the claimant's subpoena, Ms. Monnier served and filed the motion currently before the court, and the claimant has filed an opposition to the motion. The deposition was rescheduled for Wednesday, July 24, 1991. Ms. Monnier's motion will be granted.

Rule 26(b)(1), Federal Rules of Civil Procedure, establishes the general scope and limits of discovery. It states:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought

will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Further, Rule 26(c) enunciates when a protective order is appropriate. It states:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense....

In addition, Rule 45(b) regarding subpoenas commanding a person to produce documentary evidence states that:

> ... the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable or oppressive....

The underlying issue in this *in rem* proceeding, brought pursuant to 18 U.S.C. § 981(a)(1)(A), is whether the forfeiture of the defendant's assets is appropriate. The government alleges in its complaint, filed on December 6, 1990, that various property of the claimants was either directly or indirectly involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B) and (a)(3)(B).

The notice of deposition requests Ms. Monnier to appear and to produce her state and federal income tax returns for the years 1988, 1989, and 1990. In her affidavit accompanying the present motion, Ms. Monnier claims to have no relevant knowledge concerning the facts and issues related to the civil forfeiture action between Harry Kaufmann (and Harry Kaufmann Motorcars, Inc.). In fact, the only link between Ms. Monnier and the claimant is Ms. Monnier's relationship with Thomas Schafer, a material witness to the government's partially successful criminal prosecution of Harry Kaufmann, Case No. 90–

CR–172 (E.D.Wis., judgment of conviction entered on June 7, 1991).

In response, the claimant asserts that Ms. Monnier is privy to relevant information regarding Mr. Schafer, who is described as a critical witness in the prior criminal matter and in the present civil forfeiture action. Such information includes evidence concerning the credibility and veracity of Mr. Schafer. According to the claimant, it seeks to obtain from Ms. Monnier such information, which it believes to be "reasonably calculated to lead to admissible evidence."

Upon review of the submissions of the parties, the court finds inadequate support for the claimant's conclusory contention that the information sought through the deposition of Ms. Monnier is "reasonably calculated to lead to the discovery of admissible evidence" as required under Rule 26(b)(1). The claimant has alleged that a critical witness at the civil forfeiture trial will be Thomas Schafer. The claimant has asserted that it seeks to obtain information that would bear on Mr. Schafer's veracity and credibility—admissible evidence should Mr. Schafer testify. However, beyond making such conclusory statements, the claimant does not identify what evidence, if any, is possessed by Ms. Monnier or contained in her income tax returns that would bear on Mr. Schafer's veracity or credibility. The court is persuaded that such an inquiry is not "reasonably calculated to lead to admissible evidence." *See* Rule 26(b)(1). In addition, because of the personal nature of one's state and federal income tax returns, the demand that Ms. Monnier produce such documents when it has not been shown to that they will lead to admissible evidence is "unreasonable" and "oppressive" within the meaning of Rule 45(b).

Moreover, Ms. Monnier has demonstrated "good cause" for the court to grant her motion for a protective order. The court is persuaded that requiring Ms. Monnier, a nonparty to the underlying civil forfeiture action, to comply with the subpoena when she has stated in an affidavit that she has no relevant information to offer the claim-

ant, will result in "annoyance, embarrassment, oppression or undue burden or expense" to her, so as to justify a blanket protective order, *see* Rule 26(c).

Therefore, IT IS ORDERED that Ms. Monnier's motion to quash subpoena and for a protective order be and hereby is granted.